# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr0037 |
| | ) | 02: 07cv0980 |
| MARK A. NIXON | ) | |

## MEMORANDUM OPINION

Presently before the Court for disposition is the MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY filed pro se by Petitioner Mark A. Nixon ("Nixon") (*Document No. 47)*, to which the government has responded in opposition (*Document No. 50*). For the reasons discussed below, the Court will deny the § 2255 motion without holding an evidentiary hearing.

## Factual Background

On February 18, 2004, a grand jury for the Western District of Pennsylvania returned a one-count Indictment against Nixon in which he was charged with possession of a firearm by a convicted felon, on or about September 19, 2003, in violation of Title 18, United States Code, section 922(g)(1). In 2003, Nixon was arrested for conduct that resulted in both a multi-count state indictment and the instant federal indictment. He was ultimately convicted in state court and was sentenced to five to ten years imprisonment.

On June 1, 2004, counsel for Nixon, Marketa Sims, Assistant Federal Public Defender, filed a Motion to Suppress Evidence. *See* Document No. 15. A response to the Motion to Suppress was not filed by the government as counsel for the parties notified the Court on June 16, 2004, the Nixon would plead guilty to the pending charge.

At a hearing on June 28, 2004, Nixon changed his previous plea of not guilty to a plea of guilty. Sentencing was scheduled for September 28, 2004. After the plea hearing, Nixon wrote a letter to the Court in which he stated his desire to withdraw his guilty plea and have new counsel appointed to represent him.

On July 14, 2004, William C. Kaczynski, Esquire, was appointed to represent Nixon. Due to scheduling conflicts, Attorney Kaczynski filed a Motion to Withdraw as Counsel, which was granted by the Court on July 29, 2004. On that same day, Samuel J. Reich, Esquire, was appointed to represent Nixon.

Thereafter, Attorney Reich notified the Court that Nixon no longer desired to withdraw his plea and a sentencing date should be scheduled. As noted *supra,* sentencing was originally scheduled for September 28, 2004. However, the original sentencing date was deferred by the Court pending the outcome of certain cases pending before the United States Supreme Court regarding the constitutionality of the federal sentencing guidelines. Sentencing was further delayed at the request of Nixon until after his sentencing in state court on charges related to the instant matter, which was scheduled for February 5, 2005.

On February 18, 2005, Nixon was sentenced by this Court to a term of imprisonment of 103 months[1] to be served concurrently with the undischarged term of imprisonment imposed

---

[1] Under the advisory sentencing guidelines, the Court found that Nixon's adjusted offense level was 30, reduced to 27 for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), and his criminal history category was VI. The resulting advisory sentencing range was 130 to 162 months, which exceeded the statutory maximum of 120 months pursuant to 18 U.S.C. § 924(a)(2). Thus, the advisory Guidelines sentence was 120 months. The Court considered the sentencing factors at 18 U.S.C. § 3553(a), used the statutory maximum of 120 months as a starting point, and granted a 17-month downward adjustment for the time that Nixon had
(continued...)

in the Criminal Division of the Allegheny County Court of Common Pleas. Additionally, Nixon was sentenced to a term of three years supervised release.

On June 16, 2005, counsel for Nixon, Samuel Reich, Esquire, filed in the United States Court of Appeals for the Third Circuit an *Anders* brief,[2] in which he cited a lack of non-frivolous appealable issues and requested leave to withdraw as counsel. The appellate court notified Nixon that he could file a *pro se* brief. After Nixon failed to file a *pro se* appellate brief, the court of appeals granted counsel's motion to withdraw and affirmed Nixon's conviction and sentence. *See* Opinion, No. 05-1648, April 21, 2006. The circuit court issued its mandate on May 15, 2006.

In July 2007, Nixon filed the instant *pro se* § 2255 motion in which he challenges his 2005 conviction and sentence.

**Evidentiary Hearing**

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court must first determine whether an evidentiary hearing is required in this case. After reviewing

---

[1](...continued)
already served on his state court conviction. Further, the Court ordered that Nixon's federal sentence be served concurrently with his state sentence.

[2] In *Anders*, the United States Supreme Court held that the "constitutional requirement of substantial equality and fair process" requires appellate counsel to act as a vigorous advocate for the defendant. *Anders,* 386 U.S. at 744. Counsel must conscientiously examine the defendant's case, and, if he or she then concludes that the case is wholly frivolous, the attorney should advise the court and request permission to withdraw. However, counsel's request to withdraw must be accompanied by a brief explaining why the issues are frivolous and referring to anything in the record that might arguably support the appeal. A copy of the brief must be supplied to the appellant, and the appellant should be given an opportunity to raise any issues he or she chooses. *Id*.

the filings in this case, and the record, the Court finds that an evidentiary hearing is not required because Nixon has failed to raise any genuine issue of material fact. *See United States v. Essig*, 10 F.3d 968, 976 (3d Cir. 1993). Additionally, the files and records of the case conclusively establish that Nixon is not entitled to relief. *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005). Therefore, the Court will proceed to the merits of the § 2255 motion.[3]

**Discussion**

As a threshold matter, it appears to the Court that the instant motion is time-barred under the one-year statute of limitations as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] "When a motion is made under § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

4

28 U.S.C. § 2255(1)-(4). *See also United States v. Miller*, 197 F.3d 644, 649 (3d Cir.1999) (Section 2255, as amended by AEDPA, imposes a one-year statute of limitation).

When a petitioner files a direct appeal, his conviction becomes final upon the expiration of the period for application for a writ of certiorari. *Kapral v. United States*, 166 F.4d 565, 567 (3d Cir. 1999). When a petitioner does not file a direct appeal, his conviction becomes final ten days after the conviction, upon the expiration of the appeal period. *See, e.g., United States v. Massara*, 174 Fed. Appx. 703, 708 (3d Cir. 2006).

The limitations period began to run as of the date that Nixon's conviction became final. *See* 28 U.S.C. § 2255(1). This occurred on May 15, 2006, when the mandate from the Third Circuit was issued. Nixon was required to file a § 2255 motion on or before May 14, 2007; however, Nixon did not file the instant § 2255 motion until July 17, 2007.[4]

Further, the Court must conclude that Nixon does not satisfy any of the exceptions to the period of limitations set forth in § 2255(2)-(4). Nixon does not allege that any governmental action prevented him from filing his petition. He does not assert any claim that relies on a new rule of retroactively applicable constitutional law. Moreover, the factual predicates upon which his claims are based concern events that took place during his trial proceedings and were discoverable in the exercise of due diligence.

---

[4] Nixon offers no explanation as to why he did not pursue these claims on direct appeal. Importantly, a habeas petition is not a proper substitute for a direct appeal, and unless a petitioner can prove that the failure to raise issues on direct appeal was excused by cause, failure to raise results is a bar to doing so on collateral attack. *United States v. Essig*, 10 F.3d 968 (3d Cir.1994); *see also McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (defining cause as "some objective factor external to the defense that impeded counsel's efforts to raise the claim").

Finally, Nixon does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling. *See Miller v. New Jersey Dept. of Corrections*, 145 F.3d 616, 617-18 (3d Cir.1998) (petitioner must show that he exercised reasonable diligence in bringing his claims; mere excusable neglect is not sufficient).

Accordingly, the Court finds and rules that the Motion to Vacate, Set Aside, and/or Correct a Sentence pursuant to 28 U.S.C. § 2255 should be DENIED with prejudice as untimely under the AEDPA.

However, assuming *arguendo*, that the motion was filed in a timely fashion or that the limitations period should be disregarded pursuant to the doctrine of equitable tolling, the Court finds and rules that the motion is baseless and should nevertheless be dismissed on its merits.

Nixon challenges his conviction and sentence on the following four (4) grounds: (i) that his plea of guilty was "unlawfully induced," not voluntary, and without an understanding of the nature of the charge and the consequences of the plea; (ii) that his conviction was obtained by use of evidence derived from an unlawful arrest and an unlawful search and seizure; (iii) that the United States Attorney's Office failed to disclose favorable evidence; and (iv) that due to ineffective assistance of counsel, he was denied the right to a suppression hearing, he was coerced into entering a plea of guilty, and he was the denied the right to a trial. The arguments will be addressed seriatim.

1. <u>"Conviction Obtained by Plea of Guilty Which Was 'Unlawfully Induced' Or Not Made Voluntarily Or with Understanding of the Nature of the Charge and the Consequences of the Plea."</u>

The first argument raised by Nixon is that his plea was "unlawfully induced." This claim was never raised on direct appeal and would normally be considered barred by collateral review. Nixon failed to file a motion to withdraw his guilty plea (even after new counsel was appointed), he failed to raise the issue at the sentencing hearing, and he failed to raise the issue on direct appeal. However, in an abundance of caution, the Court will address the merits of this argument.

Nixon contends that his "plea of guilty was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." However, Nixon's testimony at the plea hearing contradicts this argument:

> THE COURT: Mr. Nixon, has anyone forced you in any way to enter a plea to this charge?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone offered you or promised you anything to enter a plea to this charge, other than what is set forth in the plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: So, if you entered a plea of guilty, will it be your own knowing, free, and voluntary act?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Did you hear my question correctly?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: So, you are not knowingly, and voluntarily, and freely, entering a plea of guilty to this charge?

(Whereupon an off-the-record discussion was had.)

MS. SIMS: Mr. Nixon was just confused, Your Honor. Because he, he pled guilty in order to obtain the benefits of the plea bargain, he -- there were things that were promised to him to plead guilty; namely, the terms of the plea bargain. Namely, that was the confusion.

THE COURT: I understand that. However, I need to know whether or not he is entering his plea knowledgeably, freely, and voluntarily. That's the gravamen of the question that I ask.

Are you freely entering your plea? I understand that you bargained to get an acceptance of responsibility, and, therefore, a reduction of three levels in your Sentencing Guidelines; is that correct?

THE DEFENDANT: Correct. In the plea bargain, there was a drug case that he said they were not going to bring in the federal level.

THE COURT: Correct. And that's already been placed on the record, that the federal government is not going to prosecute you for that drug violation.

MS. SIMS: I think, Mr. Nixon, what the judge is asking, knowing all that, is it your free, voluntary decision to enter a plea because you feel that's what's in your best interests?

THE DEFENDANT: Yes.

. . .

THE COURT: Mr. Nixon, are you satisfied in all respects with the advice and representation which Ms. Sims has provided to you today?

THE DEFENDANT: Yes.

THE COURT: You are charged by the United States of America, Criminal Indictment 04-37, with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922g(1). Sir, how do you plead to the charge?

THE DEFENDANT: Guilty.

Plea Transcript, at 26-29 (Document No.31).

Nixon also contends that he did not understand the nature of the charge or the consequences of the plea. However, at the outset of the hearing, the Court asked Nixon: "Do you have any questions about the crime which has been charged against you in the criminal indictment?" Nixon answered, "No. I don't." (Plea Tr. at 9.) At no point during the hearing did Nixon indicate to the Court that he failed to understand anything.

Furthermore, the Court confirmed that Nixon understood the consequences of his plea. The Court advised him of his right to go to trial and be represented by a lawyer (even if he could not afford a lawyer) and that a guilty plea meant that he was giving up that right. (Plea Tr. 7.) The Court advised him of the presumption of innocence at trial, the Government's burden of proof, his right to cross-examine the Government's witnesses, his right to remain silent without an adverse inference or take the stand and testify, and his right to subpoena witnesses and evidence in his defense. (Plea Tr. 7-10.) The Court then informed Nixon that a guilty plea meant that he was giving up all these rights. The Court then explained that the maximum sentence on Count 1 was a term of imprisonment of not more than ten (10). However, if it was determined that Nixon had three previous convictions for a violent felony or serious drug offense, or both, then pursuant to Title 18, United States Code, Section 924(e), the term of imprisonment is not less than fifteen (15) years, to a maximum of life imprisonment. The Court asked Nixon if he understood and he, again, responded, "Yes." (Plea Tr. at 12.) The Court then explained the nature of supervised release and informed Nixon that he faced a maximum term of three years. (Plea Tr. 12) Again, the Court asked Nixon if he understood, and again he answered, "Yes." (Plea Tr. 13.) The Court then explained the consequences of

violating supervised release and the necessity of considering the Sentencing Guidelines. Nixon indicated that he understood all of these possibilities. (Plea Tr. 13.)

For these reasons, the Court finds and rules that the first argument of Nixon is without merit and will be denied.

2. "Conviction Obtained By Use of Evidence Obtained Pursuant to An Unlawful Arrest / Conviction Obtained By Use of Evidence Gained Pursuant To An Unconstitutional Search and Seizure"

Nixon alleges that his conviction was obtained by use of evidence derived from an unlawful arrest and an unlawful search and seizure. Like his first claim, Nixon failed to raise this issue prior to or at the sentencing hearing, and he failed to raise the issue on direct appeal.

A claim by a petitioner that the police unlawfully obtained evidence in violation of his or her Fourth Amendment rights is generally not the proper subject of habeas review as long as the petitioner had a "full and fair" opportunity to litigate the claim on direct appeal. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

Nixon has made no showing that he was prevented from raising his Fourth Amendment claims prior to or at his sentencing hearing or on direct appeal. The fact that he did not ultimately present those claims on direct appeal is immaterial. *See Hubbard v. Jeffes*, 653 F.2d 99 (3d Cir. 1981) (holding that "full and fair opportunity" simply means providing procedures by which one can litigate a fourth amendment claim); *Boyd v. Mintz*, 631 F.2d 247 (3d Cir. 1980) (same). Therefore, *Stone* precludes this Court from providing habeas corpus relief based on Nixon's Fourth Amendment claims.

3. "Conviction Obtained by the Unconstitutional Failure of the Prosecution To Disclose To The Defendant Evidence Favorable To The Defendant."

Nixon claims that the Assistant United States Attorney failed to disclose exculpatory information to him, specifically two police reports prepared by Officers Cain and Kennedy, and fingerprint evidence that allegedly would have proven his innocence. The government responds that "[c]ontrary to Nixon's beliefs, Officers Cain and Kennedy did not generate their own, separate reports" and that "fingerprint analysis was not conducted on the firearm in question." Response at 8-9.

The government also represents that as part of the Rule 16 materials which were produced by the government, Nixon and his counsel were provided the police report prepared by Officer Klahre, which happens to be the lone police report which details the entire incident.

Like the prior two claims, Nixon failed to raise this issue at the sentencing hearing and he failed to raise the issue on direct appeal. Thus, it would appear that this claim is waived by procedural default.

Nevertheless, based on the government's representations, the Court finds and rules that Nixon's third claim is based on nothing more than utter speculation. Accordingly, this claim will be denied.

4. "Denial of Effective Assistance of Counsel"

Nixon argues, *inter alia*, that his counsel was ineffective in inducing him to enter the plea despite his wish to proceed to trial, that he was denied his right to a suppression hearing, that he was denied his right to a trial, and that the facts in his presentence investigation report were not correct and that his attorney did not raise "what needed to be raised." Motion at ¶ 12.

The Court already has established that there was no inducement and that Nixon knowingly and voluntarily waived his right to proceed to trial.

Further, his additional unsupported allegations of ineffectiveness, without more, do not satisfy the standards set out in *Strickland v. Washington,* 466 U.S. 668, 690, 694 (1984). Accordingly, this claim likewise will be denied.

### Conclusion

For the aforementioned reasons, the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 will be denied.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr0037 |
| | ) | 02: 07cv0980 |
| MARK A. NIXON | ) | |

## ORDER OF COURT

AND NOW, this 8th day of November, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**; and

2. A certificate of appealability is not granted because Petitioner, Mark A. Nixon, has not made a substantial showing of the denial of a Constitutional right.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Mark A. Nixon
No. GC5892
SCI Graterford
P. O. Box 244
Graterford, PA 19426

Charles A. Eberle,
Assistant U.S. Attorney
Email: charles.eberle@usdoj.gov